**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

BRYANT VICTORIA,

    Plaintiff,

v.                                                                                  No.:  1:23-cv-01156-LF-SCY

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY,

    Defendant.

**DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR BREACH OF INSURANCE CONTRACT, VIOLATION OF THE NEW MEXICO UNFAIR CLAIM PRACTICES ACT, AND BAD FAITH ACTIONS**

Defendant ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY (hereinafter "Defendant" or "Allstate"), by and through its counsel of record, STIFF, GARCIA & ASSOCIATES, LLC (Kimberly A. Huson, Esq. and John S. Stiff, Esq.), and for its Answer and Affirmative Defenses to Plaintiff's Complaint states as follows:

**ANSWER TO PARTIES[1]**

1. Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

---

[1] Defendant will use the same headings used in the Complaint for ease only. To the extent those headings contain factual allegations, they are denied.

## ANSWER TO JURISDICTION & VENUE

4. The allegations contained in Paragraph 4 of Plaintiff's Complaint constitute conclusions of law and speculative statements. Therefore, under the Federal Rules of Civil Procedure no response is required. To the extent the court construes these allegations to require a response by Defendant, these allegations are denied, and strict proof is demanded thereof.

5. Defendant is without sufficient knowledge or authority with which to either admit or deny the truth or falsity of the allegations contained in Paragraph 5 of Plaintiff's Complaint and placing its denial upon the same demands strict proof thereof.

## ANSWER TO AGENCY

6. The allegations contained in Paragraph 6 of Plaintiff's Complaint are vague and ambiguous and constitute conclusions of law and speculative statements. Therefore, under the Federal Rules of Civil Procedure no response is required. To the extent the court construes these allegations to require a response by Defendant, these allegations are denied, and strict proof is demanded thereof.

## ANSWER TO ALLEGATIONS OF PLAINTIFFS

7. Defendant admits the allegations in Paragraph 7 of Plaintiff's Complaint that this matter revolves around a first party claim regarding whether damages claimed fall within the terms of the policy and deny all other allegations contained therein and demands strict proof thereof.

8. Defendant is without sufficient knowledge or authority with which to either admit or deny the truth or falsity of the allegations contained in Paragraph 8 of Plaintiff's Complaint and placing its denial upon the same demands strict proof thereof.

9. Defendant is without sufficient knowledge or authority with which to either admit or deny the truth or falsity of the allegations contained in Paragraph 9 of Plaintiff's Complaint

and placing its denial upon the same demands strict proof thereof.

10. Defendant is without sufficient knowledge or authority with which to either admit or deny the truth or falsity of the allegations contained in Paragraph 10 of Plaintiff's Complaint and placing its denial upon the same demands strict proof thereof.

11. Defendant is without sufficient knowledge or authority with which to either admit or deny the truth or falsity of the allegations contained in Paragraph 11 of Plaintiff's Complaint and placing its denial upon the same demands strict proof thereof.

12. Defendant is without sufficient knowledge or authority with which to either admit or deny the truth or falsity of the allegations contained in Paragraph 12 of Plaintiff's Complaint and placing its denial upon the same demands strict proof thereof.

13. Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint and demands strict proof thereof.

14. Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint and demands strict proof thereof.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint and demands strict proof thereof.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint and demands strict proof thereof.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint and demands strict proof thereof.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint and demands strict proof thereof.

19. Defendant denies the allegations contained in Paragraph 97 of Plaintiff's Complaint and demands strict proof thereof.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint and demands strict proof thereof.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint and demands strict proof thereof.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint and demands strict proof thereof.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint and demands strict proof thereof.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint and demands strict proof thereof.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint and demands strict proof thereof.

26. Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint and demands strict proof thereof.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint and demands strict proof thereof.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint and demands strict proof thereof.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint and demands strict proof thereof.

30. Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint and demands strict proof thereof.

31. Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint and demands strict proof thereof.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint and demands strict proof thereof.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint and demands strict proof thereof.

33. Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint and demands strict proof thereof.

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint and demands strict proof thereof.

35. Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint and demands strict proof thereof.

36. Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint and demands strict proof thereof.

## ANSWER TO CAUSE OF ACTION
## COUNT I: BREACH OF CONTRACT

37. Defendant re-alleges Paragraphs 1-36 of its Answer and incorporates them herein.

38. The allegations contained in Paragraph 38 of Plaintiff's Complaint constitute conclusions of law and speculative statements. Under the Rules of Civil Procedure, no response is required. To the extent a court construes these allegations to require a response by Defendant, these allegations are denied, and strict proof is demanded thereof.

39. Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint and demands strict proof thereof.

40. Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint and demands strict proof thereof.

41. Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint and demands strict proof thereof.

42. Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint and demands strict proof thereof.

### ANSWER TO COUNT II: UNFAIR INSURANCE CLAIM PRACTICES

43. Defendant re-alleges Paragraphs 1-42 of its Answer and incorporates them herein.

44. Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint and demands strict proof thereof.

45. Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint and demands strict proof thereof.

46. Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint and demands strict proof thereof.

47. Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Complaint and demands strict proof thereof. 5

48. Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint and demands strict proof thereof.

### ANSWER TO COUNT III: BAD FAITH

49. Defendant re-alleges Paragraphs 1-48 of its Answer and incorporates them herein.

50. The allegations contained in Paragraph 50 of Plaintiff's Complaint constitute conclusions of law and speculative statements. Under the Rules of Civil Procedure, no response is required. To the extent a court construes these allegations to require a response by Defendant, these allegations are denied, and strict proof is demanded thereof.

51. The allegations contained in Paragraph 51 of Plaintiff's Complaint constitute conclusions of law and speculative statements. Under the Rules of Civil Procedure, no response is required. To the extent a court construes these allegations to require a response by Defendant, these allegations are denied, and strict proof is demanded thereof.

52. The allegations contained in Paragraph 52 of Plaintiff's Complaint constitute conclusions of law and speculative statements. Under the Rules of Civil Procedure, no response is required. To the extent a court construes these allegations to require a response by Defendant, these allegations are denied, and strict proof is demanded thereof.

53. The allegations contained in Paragraph 53 of Plaintiff's Complaint constitute conclusions of law and speculative statements. Under the Rules of Civil Procedure, no response is required. To the extent a court construes these allegations to require a response by Defendant, these allegations are denied, and strict proof is demanded thereof.

54. The allegations contained in Paragraph 54 of Plaintiff's Complaint constitute conclusions of law and speculative statements. Under the Rules of Civil Procedure, no response is required. To the extent a court construes these allegations to require a response by Defendant, these allegations are denied, and strict proof is demanded thereof.

55. The allegations contained in Paragraph 55 of Plaintiff's Complaint constitute conclusions of law and speculative statements. Under the Rules of Civil Procedure, no response is required. To the extent a court construes these allegations to require a response by Defendant, these allegations are denied, and strict proof is demanded thereof.

56. Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Complaint and demands strict proof thereof.

57. Defendant denies the allegations contained in Paragraph 57 of Plaintiff's Complaint and demands strict proof thereof.

58. Defendant denies the allegations contained in Paragraph 58 of Plaintiff's Complaint and demands strict proof thereof.

59. Defendant denies the allegations contained in Paragraph 59 of Plaintiff's Complaint and demands strict proof thereof.

60. Defendant denies the allegations contained in Paragraph 60 of Plaintiff's Complaint and demands strict proof thereof.

61. Defendant denies the allegations contained in Paragraph 61 of Plaintiff's Complaint and demands strict proof thereof.

62. Defendant denies the allegations contained in Paragraph 62 of Plaintiff's Complaint and demands strict proof thereof.

63. Defendant denies the allegations contained in Paragraph 63 of Plaintiff's Complaint and demands strict proof thereof.

64. Defendant denies the allegations contained in Paragraph 64 of Plaintiff's Complaint and demands strict proof thereof.

## ANSWER TO WAIVER & ESTOPPEL

65. Defendant re-alleges Paragraphs 1-64 of its Answer and incorporates them herein.

66. Defendant denies the allegations contained in Paragraph 66 of Plaintiff's Complaint and demands strict proof thereof.

## ANSWER TO DAMAGES

67. Defendant denies the allegations contained in Paragraph 67 of Plaintiff's Complaint and demands strict proof thereof.

## ANSWER TO ATTORNEYS' FEES

68. Defendant denies the allegations contained in Paragraph 68 of Plaintiff's Complaint and demands strict proof thereof.

## ANSWER TO JURY DEMAND

69. Defendant admits the allegation in Paragraph 69 of Plaintiff's Complaint and joins the request for trial by jury.

## ANSWER TO PRAYER FOR RELIEF

In response to Plaintiff's *prayer for relief*, Defendant denies the allegations and denies that any judgment or damages should be granted against it.

In response to Plaintiff's *wherefore clause,* Defendant denies the allegations and that any judgment or damages should be granted against it.

Defendant denies all allegations in Plaintiff's Complaint and all pleadings not specifically admitted herein.

## GENERAL DENIAL

To the extent that any allegations contained in Plaintiff's Complaint were not addressed in Defendant's responses to all allegations, all such remaining allegations are denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

As a separate and alternative affirmative defense, Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

As a separate and alternative affirmative defense, Plaintiff's claims are barred by the policy provisions.

## THIRD AFFIRMATIVE DEFENSE

As a separate and alternative affirmative defense, Plaintiff's claims against Allstate are reduced, in whole or in part, under the doctrine of comparative fault, and to the extent Allstate was negligent, which is denied, Plaintiff's recovery is barred or reduced in proportion to the negligence of the Plaintiff or of third parties.

## FOURTH AFFIRMATIVE DEFENSE

As a separate and alternative affirmative defense, Plaintiff's damages, if any, are limited

in conformance with the policy of insurance.

## FIFTH AFFIRMATIVE DEFENSE

As a separate and alternative affirmative defense, Plaintiffs may have failed to mitigate his damages.

## SIXTH AFFIRMATIVE DEFENSE

As a separate and alternative affirmative defense, Defendant states the claim for punitive damages by the Plaintiffs against Defendant is barred by the Fifth and Fourteenth Amendments to the Constitution of the United States of America as well as Article 1, Section 10; Article II, Section 13; Article II, Section 19 of the Constitution of the State of New Mexico inasmuch as under the facts of this case any award of punitive damages is not justified and an award of punitive damages would constitute a denial of equal protection, a denial of due process, and/or the imposition of an excessive fine. There is an insufficient factual basis pled, and there are insufficient facts available to support a claim for punitive damages.

## SEVENTH AFFIRMATIVE DEFENSE

As a separate and alternative affirmative defense, Plaintiff's benefits under the policy of insurance are subject to Plaintiff's presentation of information.

## EIGHTH AFFIRMATIVE DEFENSE

As a separate and alternative affirmative defense, Plaintiff's claim for bad faith may be barred, in whole or in part, by the comparative bad faith of Plaintiffs or his agents.

## NINTH AFFIRMATIVE DEFENSE

As a separate and alternative affirmative defense, Plaintiff's claims for damages are barred or reduced by any pre-existing condition or subsequent events.

## TENTH AFFIRMATIVE DEFENSE

As a separate and alternative affirmative defense, Plaintiff's claims for extracontractual

liability including insurance bad faith, Unfair Claims Practices, and Unfair Trade Practices are premature.

### ELEVENTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, Allstate had a legitimate and fairly debatable basis for its positions, thereby barring recovery for extra contractual claims.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant does not know which, if any, defenses in addition to the above may apply. Defendant has neither knowingly nor intentionally waived applicable defenses. If Defendant later learns that additional defenses may apply, then Defendant will seek leave to amend its Answer to raise such other defenses.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a separate and alternative affirmative defense, Defendant's conduct was always reasonable and prudent and was undertaken in good faith and without any culpable mental state, and therefore Plaintiffs' claims as to punitive damages should be dismissed with prejudice.

**WHEREFORE**, Defendant Allstate, having fully answered and affirmatively defended, respectfully requests this Court to enter an Order dismissing Plaintiff's Complaint with prejudice, for costs, and such other or further relief as the Court may deem just and proper.

Respectfully submitted,

STIFF, GARCIA & ASSOCIATES, LLC

By */s/ Kimberly A. Huson*
Kimberly A. Huson, Esq.
John S. Stiff, Esq.
500 Marquette Ave. NW, Suite 1400
Albuquerque, New Mexico 87102-3274
(505) 243-5755
khuson@stifflaw.com
jstiff@stifflaw.com
*Attorneys for Defendant*

11

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on the 30th day of January 2024, the foregoing was electronically filed through the Court's CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Lawrence A. VandenBout, Esq.
VANDENBOUT LAW, PLLC
1550 Wewatta St., Floor 2
Denver, CO 80202
720-901-2984
Lawrence@vandenboutlaw.com
*Attorney for Plaintiff*

*/s/ Kimberly A. Huson*
Kimberly A. Huson, Esq.
John S. Stiff, Esq.